1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9
10
11
12
13
14
15

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY & LABORERS HEALTH & WELFARE TRUST, et al., | Case No. 2:14-cv-02047-RCJ-NJK |
| Plaintiff(s), | ORDER DENYING MOTION FOR SERVICE BY PUBLICATION AND GRANTING MOTION FOR EXTENSION OF TIME |
| vs. | |
| PANACEA SERVICES LLC, et al., | (Docket Nos. 6, 8) |
| Defendant(s). | |

16      Pending before the Court is Plaintiffs' motion for an extension to serve Defendant Evon Kanagin

17  ("Defendant") and for leave to serve Defendant by publication. Docket Nos. 6, 8.[1] The Court finds the

18  motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below,

19  the motion is hereby **GRANTED** in part and **DENIED** in part.

20      A.      Service by Publication

21      The pending motion seeks an order allowing Plaintiffs to complete service by publication on

22  Defendant. Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*,

23  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d

24  785, 787 (Nev. 1990). As a result, service by publication is disfavored. *See, e.g.*, *Trustees of the Nev.*

25  *Resort Assoc.–Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v.*

26  *Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

27  _____

28      [1] This motion appears to have been filed twice.

Federal Rule of Civil Procedure 4(e)(1) provides for service "pursuant to the law of the state in which the district court is located, or in which service is effected." Under Nevada Rule of Civil Procedure ("NRCP") 4, parties are required to personally serve summons and the complaint upon defendants. When personal service proves impossible, however, NRCP 4(e)(1)(i) provides that a party may file a motion for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." When service of the summons is made by publication, the summons shall, in addition to any special statutory requirements, also contain a brief statement of the object of the action. NRCP 4(b).

A party moving for service by publication must seek leave of court by filing an affidavit demonstrating she diligently attempted to personally serve the defendant. There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendants at their residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

The Court finds the present record insufficient to order service by publication. Plaintiffs assert that they attempted to serve Defendant at her last known business address without success. *See* Ring Aff. at ¶¶ 4-5. Plaintiffs assert that they then identified a residential address and attempted to serve Defendant at that alternative address without success. *See id.* at ¶¶ 6-7.[2] Plaintiffs also imply that their counsel had planned to seek acceptance of service for Defendant through an attorney, but could not do so because that attorney is not representing Defendant. *See id.* at ¶ 9. In essence, Plaintiffs assert that they have twice attempted personal service on Defendant and reached out to her former attorney regarding possible acceptance of service. Especially given the disfavored nature of service by

---

[2] Plaintiffs' counsel refers to a "conversation with an employee of Defendant" from which they conclude that she is avoiding service. *See id.* at ¶ 8. Plaintiffs' process server also filed a declaration outlining that conversation. *See* Aff. of Attempted Service at ¶ 6. The Court finds the record insufficient to establish that Defendant is purposefully evading service.

1  publication and the due process rights involved, the Court finds such efforts insufficient to show that

2  service by publication should be allowed.

3      B.      Extension

4      Where good cause is shown, the time for serving the complaint is extended for an appropriate

5  period.  *See* F.R.C.P. 4(m).  The Court finds good cause exists for a an extension to June 29, 2015 to

6  conduct further due diligence in attempting to serve Defendant.

7      C.      Conclusion

8      For the reasons discussed more fully above, the pending motion is **GRANTED** in part and

9  **DENIED** in part.  Plaintiffs' motion for an order allowing service by publication is **DENIED** without

10  prejudice.  Nonetheless, Plaintiffs' motion for an extension is **GRANTED** and the deadline to serve

11  Defendant is hereby **EXTENDED** to June 29, 2015.  If Plaintiffs are unable to serve Defendant by that

12  date, they may file a renewed motion for service by publication explaining in detail the steps that have

13  been taken to locate and serve Defendant.

14      IT IS SO ORDERED.

15      DATED: April 29, 2015

16

17      _____

18      NANCY J. KOPPE
        United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

3